The Honorable Judges of the United States Courts of Appeals in and for the Southern Judicial Assembly. Hear ye, hear ye, hear ye. All persons having business before this Honorable Court are admonished to draw near and give their attention as the Court is now sitting. God save the United States and this Honorable Court. Good afternoon, Your Honors, and may it please the Court. Jared Hamernick here for Erik Zahursky. I'll do my best to reserve about three minutes for rebuttal, subject to the questions that the panel has. There's nobody after you, so you might get a little more. Excellent. We're here this afternoon because the District Court sentenced my client without giving him a sentencing hearing. That's the fundamental problem that we're raising in this appeal. The District Court did not allow my client to appear or allocute because there was no sentencing hearing, and the denial of those rights, ancient, personal, codified, mandatory rights, deprived my client of any sentencing hearing at all. Mr. Hamernick, how do we juxtapose the request for a sentencing hearing in this posture with the various rules that apply when a matter gets sent to a magistrate for purposes of report and recommendation? I'm specifically thinking of Federal Rule of Criminal Procedure 59, 28 U.S.C. 636, and 18 U.S.C. 3401. Absolutely. So these questions, I take a go to the government's waiver argument, and thank you for that. So nothing in the rules, so nothing in 3401I, nothing in 636, nothing in Rule 59 gives the magistrate judge sentencing authority. There's nothing in the text, aside from, first, let me clarify that a little bit. There's nothing in the text of any of those provisions that gives a magistrate judge nonconsensual sentencing authority for anything other than a petty offense. After that, magistrate judges can sentence defendants for, if there's consent given, when the offense is a Class A misdemeanor, presumably or below. But there's nothing in the text of the rules, there's nothing in the text of Rule 59 or otherwise, that would give the magistrate judge sentencing authority. The reason that I think that's incredibly important to the waiver question is because when a referral to a magistrate judge is made, and if you don't object to the report and recommendation that comes out of it, you waive any issues that were presented to or decided by the magistrate judge. But isn't that exactly what the magistrate says at the end of the hearing? Isn't that what the rules say? Meaning, Mr. Zahersky could have objected. He didn't object, for example, in the first revocation, nor in his previous sentencings. But if he had objected here, then he'd be in a position in which the district court would have, by operation of the rules, addressed the case in a different posture. Well, so that's certainly right. So we're not saying that we get a second bite at the apple on the factual findings or even on the magistrate judge's recommendation of what the magistrate judge thought was an appropriate sentence. But what we are saying is, a referral to a magistrate judge under the 3401I procedure or any other does not discard, does not waive, the defendant's right to a sentencing hearing in front of the district judge. And I think that's exactly what the Fifth, Sixth, and Ninth Circuits held in their respective decisions, which we've cited in the briefs, and I'm sure you're quite familiar. But the point is that once you go to the magistrate judge, that— Is it your position, then, that the 3401I procedure is essentially always going to be redundant because the district court judge has to, sua sante, conduct an entirely new revocation hearing that covers all the bases in Rule 32.1b.2? No, we're not asking for an entirely new hearing from the jump. What we're saying is that when there is a referral under 3401I to the magistrate judge, that doesn't refer sentencing authority. So the question about what's an appropriate sentence and the question of who do you get to allocute to, who do you get to appear in front of, those are separate from the 3401I referral process. So we're not saying that the 3401I process is redundant by any means. It streamlines fact-finding. This procedure took a while, and as I'm sure your honors are familiar, these sorts of revocation, contested revocation proceedings, can take a lot of time. So there's still a value promoted. There's still a judicial economy in the 3401I process. But it does not displace the defendant's right to appear before and be sentenced by, and allocute to, of course, the district judge. I don't know if… So Rule 32.1b2 has multiple requirements for a revocation hearing, right? It's A, B, C, D, and E. Correct. And only E is the allocution, right? Correct. A, B, C, and D are other procedural rights that have to, you know, boxes that have to be checked at a revocation hearing. Do you think A, B, C, and D have to be repeated with the district court judge no matter what, or only E, the allocation? To the extent that 32.1b2c requires an appearance before the judge, I think that aspect of 32.1b2c, I think that also… I mean, naturally, I'm not sure how you would address the district judge if you don't have an opportunity to appear. But the other aspects of 32.1b2c, we're not raising arguments about those. We're not arguing about those other provisions, Judge Abelson, that you've identified. What we're saying is that when… So then what in a rule suggests a distinction between sub E, allocution, and the other parts of A, B, C, and D that you're saying can just happen in front of the magistrate and don't need to be repeated necessarily in front of the district court? Sure. So I think that goes to the question of what is waived, right? What can you… No, I'm not asking you what is waived. I'm asking from first principles, what rule 32.1 requires in conjunction with 18 U.S.C. 3401i? Right. So 32.1b requires that the district judge adhere basically to the due process requirements of the Supreme Court laid out in the Agnons v. Scarpelli and that sort of line of cases. The 34.1i process allows, of course, the district judge to send to the magistrate judge certain aspects of that due process procedure. But I am not aware of any case in the federal system by the Supreme Court or any court of appeals that has ever said that a defendant, by adopting the 34.1i posture, by adopting a report and recommendation, what have you, that that would alleviate the district judge, really would alleviate the defendant's right to appear before a district judge and allocute to appear to say his piece. That's an incredibly fundamental part of the federal system. But doesn't the system need to know that he wants to be heard? And doesn't that happen as a result of the objection? The system presumes that he wants to be heard. I mean, this is a basic fundamental part of the criminal system itself. I mean, we're talking about a person who has not been sentenced by an Article III judge. But the rules set up two tracks, right? They set up a track based on objection and a track based on no objection. And then if there's no objection, there's a series of events that occur. So that's right. So that's why we're conceding waiver on things that we didn't object to. Look, to be frank, I wish that there were a lot of objections made to this posture. There are a lot of errors, I think, that happened below. We have waived all of those. We're conceding that. What we have not waived is the issue that was not presented at any level, right? This was not presented in the report and recommendation. This was not presented by this. I mean the opportunity to appear and allocute to the opportunity to stand in front of and be sentenced by the district judge in person. So maybe you want – I'm sorry, go ahead. So you're conceding then that there's no second bite at the apple on the question of whether Zahirsky violated before the district judge? Correct, yes. But you think that there should be a hearing with an opportunity to present a statement which is relevant to mitigation in front of the person, the judge, who actually has the legal authority to impose the sentence. That's exactly right.  I looked at the magistrate judge's transcript and there is not a mention of 3583 or 3553A factors, no opportunity to allocute. So is your argument to sort of split the 32.1, the factors, the A through E? This sort of goes to Judge Tableson's question, how do we parse this rule? Because some of these things can be done by the magistrate judge, but does E stand separately in a special posture because only the district judge can impose sentences for felonies? So I think that's exactly right. I mean, we would be in a very different position, for example, if the magistrate judge had said in the report and recommendation, if you don't object, the district court will summarily impose the sentence. Then you're on notice, and I think we would still have arguments for why this is not the sort of right that can be waived. I mean, I think we're talking here sort of in – we haven't raised a structural error argument, but I think we're talking in the register of structural error given the interlocking problems that we have here. There was no sentencing hearing, no opportunity to allocute, no opportunity to appear before the district judge, no 3553 analysis, no guideline analysis, no explanation by the district judge. So I'm not bringing up structural error to say that that's what this is. What I'm saying is this is, I think, that degree of severity of a problem. If you're saying it's plain error, how would this sentence be different if this is remanded? I'm sorry? So therefore, if you're not saying structural error and you're saying ultimately this is a plain error type argument because there's a lack of objection, how would things be different on remand? So first of all, to be clear, we are not conceding plain error at all. We're saying that this is the type of error that could be, I suppose, could be subject to plain error. So that's the distinction. So we are not at all conceding plain error. We think the standard of review is no, but because there was no opportunity to object to the district judge's unannounced decision to sentence my client without a hearing. But we do think we satisfy the elements of plain error. To be frank, I'm not sure how you get to plain error in this case. But if this is plain error and it gets sent back, then I think we're stuck with the magistrate judge's factual findings. I don't think we get to recontest those. I don't think we get to contest the fact of revocation. But I think we do get an opportunity to address the judge, to inquire into the 3553A factors, to inquire into the guideline analysis. And I think my client, most importantly, right, has the opportunity and is entitled by the rule and by tradition in this country that goes back to 1689, right, to address, at least to 1689, to address the district judge personally, to plead his case in mitigation, to address the judge in his full humanity and have the judge look him in the eye. Let me ask you about that. I mean, I know that there is a long common law tradition of allocution, but the Supreme Court has also held that it is not a constitutional right and that the violation of the right to allocution is not a constitutional violation. And so I guess I'm going back again to Judge Maldonado's question to you, which is, I don't see any source of law that distinguishes allocution from the other procedural rights that are in Rule 32.1 and that all agree a magistrate judge can conduct. I just don't, I don't see what law you're pointing to that gives allocution that separate status. Sure. So I think this is exactly the question that the Fifth Circuit discussed in Rodriguez, the Sixth Circuit discussed in Waters, and that the Ninth Circuit discussed in Gray, right? These are, these specific rights, the right to appear and the right to allocute, are the rights that they, that those courts of appeal singled out as the rights that must be vindicated in front of the district judge. Now, Gray is probably your best case. Rodriguez and Waters both are from 98 and 94. Those are both pre-Federal Rule of Criminal Procedure 59, correct? As far as I'm aware, that's right, yeah. That's right. That's right. Want to reserve the remainder of your time? Yes, please. Thank you. Very good. Thank you, Mr. Hamernick. We'll now move to argument on behalf of the applee, Mr. Whalen. May it please the Court. Good afternoon, Your Honors. Nathaniel Whalen here on behalf of the United States of America. The defendant waived any right to a second allocution in front of the district court when he failed to object under the regulatory, the rule and statutory scheme that Chief Judge Brennan recognized. To the extent he didn't waive it, though, this court should review for plain error, just as it does in every other sentencing where a defendant says that he's been denied his right to allocute. So I want to start with the waiver since I think this court's asked a lot of questions about that, rightfully so. There is a scheme in place with the rules and 3401 that says what you're supposed to do when you refer a matter to a magistrate judge. 3401 says you can refer it for a reported recommendation, and that's what happened here at the defendant's request. Rule 59 and 28 U.S.C. 636, the Magistrate Judge Act, then kick in and they say, OK, if we have this dispositive matter that's referred to a magistrate judge, you have to object if you want to preserve any objection to the magistrate judge's findings and legal conclusions. The defendant didn't do it here. He is not entitled to review in front of this court in Rule 59 and pursuant to 28 U.S.C. 636. Mr. Whalen, I see some indicia on this record that, and it's understandable confusion because the law on this is quite confusing. But I see some indicia of confusion, which is to say there are some signs that people expected a disreport hearing to follow as a matter of course. In the previous round of revocation, the magistrate judge advised Mr. Zahersky that he had a right to a separate hearing with the disreport, and he had to waive that right, and he did. But then that didn't happen again in this round, so Mr. Zahersky could reasonably have thought, OK, that hearing is forthcoming. And then when I look at the magistrate judge's ultimate recommendation in this case, it does not look like a final sentencing recommendation, because I know you'll agree. It looks like maybe the magistrate judge anticipated some further analysis on the question of sentencing by the disreport. So I'm finding it difficult to apply the doctrines of waiver and forfeiture, given this confusion in the record about what the procedure actually is here. And again, I understand that confusion because it's hard to figure out what the procedure should be. Yeah, Your Honor, so I do think there's indicia of waiver in here. So I think if you look at page 50 of the hearing transcript, it's probably where it's most clear. So what we have is we have a situation where the defendant's trying to—rightfully, he's trying to speed this along because he's been in state custody for a while. And we have a magistrate who I think rightfully is trying to do the right thing and get a report and recommendation out as soon as possible. And what the magistrate judge does on page 50 is he says, I'll recommend to Judge Moody the maximum sentence be imposed. I'll get that out as quickly as possible, and the parties can object if anybody objects to either of my findings. Mr. Weyland, I'm going to stop you.  Because given what Judge Tableson just pointed out, they don't match up for me. There's no—the expectation that there would be a hearing before a district judge, this record is silent on that. And there was, in this particular case, that expectation in the prior application. In fact, have you in your career ever encountered this situation? I didn't know 3401 existed prior to this appeal. Actually, I did some research because I was very interested. I found three districts out of 90-something in our entire country who actually refer this kind of—and it can be done, but it's not the custom. And then you add on that, on top of that, then a paper sentence without a hearing? I mean, it's quite possible that there was just an assumption that there was going to be a hearing before the district judge. So have you ever seen this process before? This is the first case in which I've seen this process, Your Honor. Yeah, it's highly unusual. It is highly unusual. I will agree with that. And I do think the prior revocation, the magistrate explained to Mr. Zahersky, you need to object if you want a hearing. And this court has said, in other instances, you can look at that and you can consider that as it relates to the later waiver. I don't see any evidence in this record that the parties expected there to be a second hearing. I see them asking the magistrate to issue a report of recommendation as it relates to the sentence. But the motion that Zahersky filed to go to the magistrate was silent on waiving any right to a hearing before the district judge, correct? The motion he filed was silent.  Correct, Your Honor. Yeah, but it also didn't say that he expected there to be a second hearing. In fact, if there had been a second hearing, it would have slowed down the process that he's trying to speed up, right? That's correct, Your Honor, and he could have objected. And frankly, when the magistrate recommends three years after the government files that motion, that's if he expected a second hearing when I would have expected he would have objected. He would have asserted his rights and said, hold on a minute. I know I'm entitled to the second hearing in front of the district court. You know, there was talk about two years. Government files something, they say three years. Now I'm seeing three years. I need to object. And he's still represented at that point, right? He is represented at that point, correct, Your Honor, and he doesn't object. You know, the magistrate told him on multiple occasions, you have to object if you have a problem with my report and recommendation. He didn't do that, and that's what the rules require. It requires him under Rule 59 to object. 28 U.S.C. You say multiple times. Sure. The hearing is one. Yes. Well, I meant multiple times at the hearing, Your Honor. Okay. Yeah, I think that's correct. At the beginning and the end of the hearing, because at the beginning of the hearing, the magistrate is trying to figure out, like, hey, do you guys want me to decide just the revocation or do you want me to recommend a sentence as well? Both sides say, Your Honor, we fully expect you to recommend a revocation determination and a sentence, what the magistrate calls a disposition. And they both agree to that. The magistrate says if you have a problem with either of those, object. Then at the end of this hearing, the magistrate says I'm going to get this out as quickly as I possibly can, Mr. Zyrowski, and if you have a problem with that, you should object. He doesn't object. I think he's waived any right to a second hearing. And at the very least, Your Honors, I think we have a situation here where to the extent that he believes there's a second hearing, we've heard on appeal that he doesn't get a second bite in what the magistrate thought was an appropriate sentence. He's not challenging the magistrate's report and recommendation on a 3-year term of imprisonment. He's waived that argument. And so best what we have is a perfunctory form over substance assertion of a right to allocution, and I'm not minimizing the right to allocution. What about supervised release? He didn't object to the recommended 10-year term of the supervised release. Do you mean in terms of the revocation, the finding of revocation? You know, it strikes me that you have a 10-year supervised release, and I don't see any discussion of the conditions. I mean, this is so unlike anything I've seen, that you're trying to pass off as, you know, taking someone's liberty away. Yeah. Your Honor, it is different than what I've normally seen for sure as it relates to direct criminal sentencing. And I think if Mr. Zyrowski is objecting, had he objected within the period before the court adopted the report and revocation, we have a very different case. In fact, on appeal, he said— But doesn't waiver have to be explicit? I mean, didn't—because the magistrate judge was silent on whether there would be a hearing before the district judge, and I think the parties probably assumed there would be. Yeah. I don't personally read this record as saying that the parties assumed there would be. I don't see anywhere that there's any indication of that. The magistrate does not explicitly say you will waive all further objection if you do not object. What he does say is you need to object if you have a problem with anything I'm doing here. And Mr. Zyrowski doesn't do that. And Mr. Zyrowski knew that he had to do that. But in terms of, for example, the lack of any discussion of mitigating factors or 3553A or opportunity to allocute, this transcript would look different. This would be a different case. But there is none of that here. You're saying that in this very sort of ambiguous situation, the defendant waived his right to argue mitigation? Yeah. I'm saying he's waived his right to object to what the magistrate recommended, Your Honor, and he's explicitly told this court he's not challenging what the magistrate did. So to the extent that this court has concerns about the procedure the magistrate applied, he has told this court that's not what is at issue in this case. What he wants is he wants that second hearing in front of the district court judge where he has waived any objection to a three-year sentence. And so he wants to go in front of the district court judge and he wants to allocate in front of the district court judge. I don't see anywhere in the rules or the statutory scheme that allows him that second hearing as a matter of right. I think the three courts of appeals he's identified have given that second hearing. But I think that's also problematic because they don't deal with Rule 59. And the two cases, Your Honor, mentioned were prior to Rule 59's enactment. They don't deal with the fact that Rule 32.1 can be waived by explicit terms. They don't deal with the fact that you have to object if you want to challenge what the magistrate has recommended. And that, I think, is what he's doing, Your Honor. He is trying to object to what the magistrate recommended. He wants to object to this three-year term of imprisonment. If he's not objecting to that, then what we're really doing is we're saying, go down and allocate, say what you want. The district court's going to impose three years no matter what because you waived any objection to that. That is harmless.  Yes, Your Honor. I'm going to ask you a question that's outside of the facts of this case, just to try to understand from first principles how this is all supposed to work under this unusual procedure. Let's say a defendant does object to the magistrate's R&R that's issued under 3401I. Does that mean the district court always has to conduct a second hearing? And if so, where does that requirement spring from? Yeah, Your Honor, I would think, so I think this gets a little bit to Your Honor's question and Judge Maldonado's question as well about how you can differentiate the different subparts of 32.1. Under the rationale of Thompson, 32.1 is kind of this uniform right that needs to be vindicated in front of the district court judge, both as it relates to the revocation as well as to a right to allocution. This court treated them as kind of all one part and parcel. And so I think if a defendant did object to a finding by the magistrate judge, the district court would have to consider that de novo. And I think that probably comes from Rule 59 or 636B1B. I think because I think an objection to the sentence would be an objection to, say, a credibility finding by the magistrate or a factual finding or a legal conclusion. And that's how you get in front of the district court de novo. That's how you get your chance to allocute. But I do think as a matter of legal principles and the way 59, Rule 59 and 32.1 and 636 work together, I do think you would have to have a second hearing every instance if defendants write. This court in Thompson said. What if the objection was like just about the way that MJ calculated the guidelines? What if it had nothing to do with witness credibility or just like a plea for mercy? It just was like, look, this was, you know, the wrong categorization of my offense versus, you know, an A, B, and C supervised release violation. Yeah, I think that would require a de novo review and a second hearing because I think the defendant would take the position that the miscalculation of the guidelines ultimately kind of a Melina Martinez type argument. The miscalculation of the guideline ultimately affected the 3553A analysis because it's the guidelines, the load star. I know if a district court asked me, I would advise them that in light of that objection, you would have to go back and you should do an entire sensing hearing. What I would advise the district court in that instance to do is in light of what this court said in Thompson and in light of what Rule 32.1 says, I would get the defendant on the record to waive any objection to a revocation finding as well, because I think he could come back up and say, in light of Thompson, no, no, no, I objected. I get a chance to contest the revocation finding as well. And so I do think it opens up this situation where the 3401 procedure, I mean, yeah, it might be a time saver in certain instances. And Judge Maldonado, I will profess I've literally never seen this before. I've seen it a couple times since actually looking at our docket. I'm unaware of any other judge in our district who does it. So I do think it is a rare situation where this is going to pop up because I think district court judges prefer to do it themselves. But I think if this court adopts the defendant's position that is basically a matter of right, there is a second hearing in every instance. There has to be a second hearing in every instance. But I think isn't this concern overblown because you have Rule 59 sort of providing some guardrails, right? If they don't object, right, they won't get, the defendant won't get de novo review. And so then you have, I could have seen, for example, a 15-minute second hearing before the judge here. Maybe just like in a regular sentencing, adopting the finding of the magistrate judge, just like the district judge adopts the finding from the PSR, and then going on to a discussion about the substance of the sentence, which is the district judge's job. I just don't get how you find a source for that second hearing, though, right? If Rule 59 is to have any force, its force has to be that you have to object if you want to appear in front of the district court. There's nothing in this rule structure that says— I mean, but isn't it sort of by omission if you look at the powers of the magistrate judge, right? I doesn't say sentence for felonies, right? I mean, magistrate judges, everyone knows, can't do that by statute. It also doesn't say the magistrates can make a final determination on revocation. And I don't think he's made any more of a final determination on revocation than he has on sentencing here. Magistrate Judge Rodovich made a recommendation on both, which is what I allows. And that's when 59 and 636 kick in and say, if you have a problem with that, if you think something should be different, then you need to object. And I think that has to apply equally to a revocation finding as it does to a sentencing. I understand there's this common law principle as it relates to sentencing, but there's nowhere in the rule 32.1 or 59 or 3401 or 636— What do you think the rule of lenity fits in here? Because, okay, the rule is not a model of clarity, perhaps. No. But it seems to me like folks were expecting a hearing before the district judge. I will not press my point that I don't read the record that way, Your Honor. I think defendants waived any argument as it relates to the rule of lenity, and I frankly wouldn't know how to apply it in this case without having it been raised in the first instance. So I probably couldn't give an informed answer on that, Your Honor. I'm not—if I can continue. Oh, you may. Sure. I'm not trying to pass the buck. I just don't know the interplay between the rule of lenity as it relates to kind of a statutory scheme where 3401 procedure is in place, Rule 59 procedure is in place. I've only dealt with it more in the context of statutory interpretation, and I don't think there's anything to interpret in these statutes that says that there is this second hearing the defendant wants. So unless this court has any further questions, we would ask that you affirm the sentence. Thank you, Mr. Whalen. Thank you. Mr. Hamernick, we'll go to you now for a rebuttal argument. We'll give you three minutes, please. Well, thank you for that time, and also, of course, thank you for assembling as fast as you all have.  If I agree with anything with my colleague on the other side, and I think we agree about a lot overall, this is an unprecedented situation. I think that unprecedented situation informs why, of course, everybody is expecting that there was going to be a sentencing hearing in front of the judge. As far as I've been able to tell in my research, and I'm not omniscient, I don't know all of the law in this circuit, but I have never found a situation like this in the history of this circuit where a defendant was sentenced on paper without being afforded an opportunity to stand in front of the judge who sent him to prison. I understand the emotion behind your argument, but can you ground us in the record in something the magistrate said or something the case law says that indicates that such a second hearing is required? Sure. So what I want to point out, I want to be very clear about, is we are not asking for a second sentencing hearing. We are asking for a first sentencing hearing, because my client has never had a sentencing hearing. And to answer, I think, your question, Chief Judge Brennan, and also Judge Tableson, to come back to your point about where is this in the rules. I think it's in the first part of Rule 32.1b2c, where it says, unless waived by the person, the court must hold a revocation hearing within a reasonable time, and the person is entitled to these things. So the fact that there was this referral to a magistrate judge, where we had the opportunity to vindicate many of these rights, the opportunity to present witnesses, the opportunity to written notice, disclosure of the evidence, etc. By standing in front of the magistrate judge, we had the opportunity to introduce evidence and to do all this stuff, and we didn't object to that. So that's why we are conceding, and I don't want to, but we are conceding, of course, that we can't introduce new evidence, we're not entitled to new notice, etc. But what we have never had, what my client has never had, is the opportunity to stand in front of the judge and send him to prison, which is what this court in Thompson said is required. Mr. Can I ask you a question about that portion of the rule that you just read? Yeah. I found that very interesting, too, the first part of 32.1. The court must hold the hearing that has A, B, C, and D, A, B, C, D, and E. Rule 1 of the Federal Rules of Criminal Procedure defines the court to include a federal magistrate judge. So do you agree that Rule 32.1 at least allows, by its terms, a magistrate judge to conduct this hearing? It ticks through A, B, C, D, and E? Your Honor, I haven't looked at Rule 1 in a while, but I certainly will take your word for it. In that, so I think I have to concede that, especially because of 3409, yes, you can hand off a lot of this work to the magistrate judge, but I don't think that you can hand off sentencing authority to the magistrate judge. And so that's where you can't, unless it's specifically waived by the person, you don't waive your right to appear before a judge for sentencing. Just to sort of put another point on this, we didn't raise this in the briefing because it was quick, and so if you want to tell me this is waived, that's fine, but the Supreme Court in a case called Wynn v. United States from 2003 said that even when an Article IV judge sits on a panel in the Ninth Circuit and affirms a conviction, the conviction in that case still has to be overturned. It goes to the authority, the constitutional authority of the court. So the fact that, in essence, what happened here is the magistrate judge sentenced my client, goes to the authority of the court, whether it's the rule or the constitution, the court did not have the authority to do that. And we checked the inmate located on May 14th as his date of release. It is, and so we would ask for a decision as fast as you're able to produce one, and thank you, and also we thank the government for treating this case with the diligence and the expedience that it requires. Thank you, Mr. Hamernick. Thank you, Mr. Whalen. The case will be taken under advisement, and the court will stand in recess.